## JOHN PERKINS, Syndic, *v.* B. BAILEY, Tutor, et al.

It is the duty of courts to scrutinize with jealousy the conduct of those who act in a fiduciary capacity, and to take care they do not make a personal benefit from the manner in which they manage the estates confided to them. But it is equally true, no one is permitted to enrich himself at the expense of another.

PERKINS
*v.*
BAILEY.

Minors are answerable to their tutors for goods furnished by them for a necessary purpose and at a just rate, and which have inured to the advantage of the minors.

APPEAL from the District Court of East Baton Rouge. *Burk*, J. *E. T. Merrick*, for plaintiffs. *G. S. Lacey*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. *James Mansker* was one of the executors of the will of *John Gilmore*, deceased. His children were minors, and he had directed that his plantation should not be sold, but cultivated for the benefit of his children. It is said also, by the counsel of the appellants, that under the circumstances of the case, *Mansker* had superinduced, upon his liability as executor, the responsibility of a tutor. For the purposes of our present inquiry this may be conceded. Supplies of various kinds were required for the use of the plantation. These were furnished out of his own stock by *Mansker*, who was a tradesman.

The argument is, that a tutor cannot sell his own goods to his ward; and that these items must therefore be stricken from his account. The district judge declared himself satisfied, by the evidence, that the articles were furnished at moderate prices; that they were necessary to carry on the plantation; that the estate was without means to pay for them in cash; and that *Mansker* was obliged either to furnish them from his own stock or advance money to buy them. We do not understand the appellants as seriously questioning these facts.

It is, unquestionably, the duty of courts to scrutinize with jealousy the conduct of those who act in a fiduciary capacity, and to take care that they do not make a personal benefit from the manner in which they manage the estates confided to them; but it is equally true, that no one is permitted to enrich himself at the expense of another. No principle of equity is violated in making the appellants answerable to their tutor for his own goods furnished to them for a necessary purpose and at a just rate, and which have inured to their advantage.

Judgment affirmed, with costs.